FILED
APR 19 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Cause NO. 2021 Cr 9413

THE STATE OF TEXAS

v.

Alula F HAGOS

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
JOHN H. WOOD JR. U.S. COURTHOUSE
655 EAST CESAR E. CHAVEZ BOULEVARD
SAN ANTONIO, TEXAS 78206-1106

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE: $300

PETITION FOR WRIT OF HABEAS CORPUS

SA22CA0382

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Alula F HAGOS Petitioner in the above styled and numbered cause and files his Petition for Release Because of Delay and in support of said petition would show the Court the following:

I.

Petitioner is illegally confined in Bexar County Adult Detention Center, in the custody of Javier Salazar, Sheriff of Bexar County, Texas, and has been so confined since the date of his arrest on the 28 day of July, 2021.

II.

Petitioner is confined pursuant to criminal complaint number 2021 cr 9413 filed in the 227 Judicial District Court of Bexar County, Texas, charging Petitioner with the felony offense of AGG ASSlt w/ DW, a violation of Section 22.02 of the Texas Penal/Health & Safety Code.

III.

Bond has been set in the amount of $ 50,000. Petitioner has not been authorized to be released on personal bond and has been unable to post a surety bond in the amount set.

IV.

More than ninety (90) days have elapsed since the commencement of this criminal action against Petitioner and pursuant to Section 17.151 of the Texas Code of Criminal Procedure, Petitioner should be released from incarceration. Section 17.151 states in part, "A defendant who is detained in jail pending trial of an accusation against him must be

6. A list bearing the names of all persons who participated in any pre-arrest investigation of the accused for the offenses now before the court, and all officers who participated in the arrest and subsequent investigation of this cause.

7. The handwritten and typed notes of the law enforcement officers who investigated and participated in any manner in this cause. And further, that all said notes be ordered presented at any and all contested hearings for purposes of cross-examination after the witness has testified.

8. All laboratory, fingerprint, or scientific reports that are in any way connected with the prosecution of this cause.

9. All photographic prints that were made and all photographic negatives not developed for any reason, that were made by the investigating law enforcement agencies in this investigation which have not been produced for inspection by the Defendant.

10. All physical evidence, photographs or diagrams intended for use by the state at trial, and to include but not be limited to:

    d. The booking photographs taken of the defendant.
    e. Diagrams, charts or photographs intended for use by either the prosecution witnesses or the prosecutor.
    f. Any written materials prepared by the state that were used in interrogation of the defendant.

11. Any written waiver or any evidence of waiver alleged by the State to have been made by the Defendant concerning the Defendant's constitutional or statutory rights. Specifically, requests that is made in regard to:

    d. Miranda v. Arizona 384 U.S. 463 (1966) (custodial interrogation procedural safeguards).
    e. Article 38.22 Texas Code of Criminal Procedure (custodial interrogation procedural safeguards).
    f. Consent to any investigative detention, search, or seizure.

12. Any physical tangible objects that were confiscated by the Police Department and will be used as evidence against the Defendant.

13. Any and all evidence used in determining the identity of Defendant.

14. Any type of medical report or record relating to the incident, whether it be physical or psychological.

15. All documents papers, books, letters, accounts, objects or tangible things which are the possession of the prosecution, its agents or representative, or any third party subject to the control or guidance of the prosecution as a result of the investigation of the defendant, which are material and relevant to the case involving the defendant, either in the guilt/innocence stage or the punishment.

An in support of this motion, the Defendant would show the court the following:

I.

The items requested are in the exclusive possession, custody and control of the state and the accused has no other means of ascertaining the disclosure requested.

II.

The items requested are not privileged.

III.

The items and information are material to this cause and the issues of guilt or innocence and punishment to be determined in this cause.

IV.

The accused will not be properly prepared to go to trial without such information and inspection, nor can the accused adequately prepare a defense to the charge against him.

V.

That in the absence of such discovery, the accused rights under the Texas Code of Criminal Procedure, Article I, Section 10 of the Constitution of the State of Texas and the 4th, 5th, 6th and 14th Amendments to the Constitution of the United States will be violated and cause Defendant irreparable injury, and thus deprive the Defendant of a fair trial.

VI.

Evidence of a prior criminal record, including convictions for Felony offenses and Misdemeanor offenses, particularly those misdemeanor offenses involving moral turpitude acts of misconduct, are relevant and material for impeachment purposes and to shed it on the bias, prejudice, motive and ill feelings on the part of any witness testifying in such cause.

WHEREFORE, PREMISES CONSIDERED the accused Prays that this court file this motion in all respects, and to:

1. Order all law enforcement agencies to retain any notes made in the course of their investigation and to turn them over to the prosecutor in this cause:

    ( ) GRANTED    ( ) DENIED

2. Order the prosecutor to be under a continuing duty to disclose any information which the court orders but which the government at present does not possess:

    ( ) GRANTED    ( ) DENIED

3. Inspect the files of the state, all law enforcement agencies, and question that law enforcement agents assigned to this case may ask, so that a judicial determination of the existence of exculpatory or mitigatory evidence can be made:

    ( ) GRANTED    ( ) DENIED

4. Prohibit the state from introducing other evidence at trial unless ordered to do so by the court:

    ( ) GRANTED    ( ) DENIED

5. Order further relief that this court deems equitable and necessary:

    ( ) GRANTED    ( ) DENIED

6. All said production to be made by the state by the _____day of _____, _____:

    ( ) GRANTED    ( ) DENIED

Respectfully submitted,

_Pro Se_  
**Attorney for Defendant**  
(to be signed only if Defendant is not Pro Se)

_Alula F Hagos_  
**Defendant**

## CERTIFICATE OF SERVICE

I, hereby certify that on this the 23 day of March, 2022, A true and correct copy of the above and foregoing Motion for Discovery was transmitted to the office of the Bexar County District Attorney, Criminal Justice Center, 101 W. Nueva, San Antonio, Texas 78205

Prose Alula F Hagos
Defendant #751153

## ORDER

On this the ____ of _____, _____, came to be considered Defendant's Motion for Discovery the following items are granted or denied.

1. ( ) GRANTED    ( ) DENIED
2. ( ) GRANTED    ( ) DENIED
3. ( ) GRANTED    ( ) DENIED
4. ( ) GRANTED    ( ) DENIED
5. ( ) GRANTED    ( ) DENIED
6. ( ) GRANTED    ( ) DENIED
7. ( ) GRANTED    ( ) DENIED
8. ( ) GRANTED    ( ) DENIED
9. ( ) GRANTED    ( ) DENIED
10. ( ) GRANTED   ( ) DENIED
11. ( ) GRANTED   ( ) DENIED
12. ( ) GRANTED   ( ) DENIED
13. ( ) GRANTED   ( ) DENIED
14. ( ) GRANTED   ( ) DENIED
15. ( ) GRANTED   ( ) DENIED

Signed this ____, day of _____, _____.

_____
Judge Presiding

## UNSWORN DECLARATION BY INMATE

I, Alula F Hagos, SID 751153

Being presently incarcerated in the Bexar County Adult Detention Center, San Antonio, Texas declare under Penalty of Perjury that the foregoing instrument is true and correct.

Signed on this the 23 day of march 20.

Alula Hagos
Defendant